ST. LOUIS & S. F. R. CO. v. DEAN et al.

(Court of Civil Appeals of Texas. Austin. Dec. 11, 1912. Rehearing Denied · Jan. 22, 1913.)

1. WITNESSES (§ 37*) — QUALIFICATION — KNOWLEDGE.

A witness who had made but two trips from a point in this state to St. Louis, and whose sources of knowledge were not set out or inquired into, was not incompetent to state the time of the ordinary run between the two points, where he stated generally that he knew such time.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 80–87; Dec. Dig. § 37.*]

2. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR — ADMISSION OF EVIDENCE — FACTS OTHERWISE SHOWN.

In a shipper's action for injuries to live stock from delay, error, if any, in permitting a witness to state that the ordinary run between the two points was 40 to 45 hours, was without harm to defendant, where it was thereafter shown by one of defendant's own witnesses that the run, barring delays, could be made in 36 hours.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

3. TRIAL (§ 260*)—REQUESTS—CHARGES ALREADY GIVEN.

A requested charge incorporated in the court's main charge need not be repeated.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK—ACTION FOR INJURIES—INSTRUCTIONS—LIABILITY.

In a shipper's action for damages to live stock from delay, a requested charge that if the delay at a point in this state was caused by a wreck at a point in another state, and defendant exercised ordinary care, under the circumstances, to move the live stock without unnecessary delay, and in keeping it during the delay, it was not liable, was properly refused, since it permitted a finding for defendant, notwithstanding the wreck may have been occasioned by its own negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

5. CARRIERS (§ 99*) — CARRIAGE OF LIVE STOCK—DELAY IN TRANSPORTATION.

Railroad companies are not responsible for delays occasioned by accidents, but are responsible where such delays are attributable to their own negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 415–426; Dec. Dig. § 99.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SEPARATE PROPOSITIONS.

·An assignment submitted as a proposition and involving two separate and distinct propositions of law in violation of rule 29 (142 S. W. xii) will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal· from Kaufman County Court; Thos. R. Bond, Judge.

Action by John Dean against the St. Louis & San Francisco Railroad Company and others. Judgment for plaintiff against the St. Louis & San Francisco Railroad Company, and it appeals. Affirmed.

Andrews, Ball & Streetman, of Houston, and A. H. Dashiell and Wm. P. Dumas, both of Terrell, for appellant. Dashiell, Crumbaugh & Coon, of Terrell, for appellees.

RICE, J. This suit was brought by plaintiff against appellant and the Texas Midland and Paris & Great Northern Railroad Companies to recover damages alleged to have been sustained to a shipment of cattle from Kaufman, Tex., to East St. Louis, over said lines of railway by reason of delay, whereby they failed to reach the market until the morning of the 17th of May, a day later than they should have reached there. Appellant answered by general denial and a special answer to the effect that the delay was occasioned at Paris on account of a wreck near Grant, Okl., on its line, averring that it used all possible dispatch in clearing away the wreck, and thereafter exercised reasonable diligence to transport said cattle to market, but· failed to negative the fact that said wreck may have been occasioned by its own negligence.

There was a jury trial, resulting in a verdict and judgment in favor of the last two defendants, but against appellant for the sum of $200, from which it alone prosecutes this appeal, contending by its first assignment of error that the court erred in permitting the witness Stovall, over its objection, to state what was the ordinary run from Kaufman, Tex., to St. Louis, because it did not appear that said witness was qualified to speak on the subject. No bill of exceptions was taken to the admission of this testimony, but the exception to the evidence is preserved in the statement of facts, which was not filed, however, during the term of the court. Rule 56 (142 S. W. xxi), for the government of district and county courts prescribes that exceptions to evidence admitted over objections ·made to it on the trial may be embraced in the statement of facts in connection with the evidence objected to, provided the statement of facts be presented to the judge within the time allowed for ·presenting bills of exception, and be filed in term time. The case was tried at the July term, 1911, of the county court, but the statement of facts was not approved and filed, as appears from the file marks, until the 14th 'of September thereafter; and, there· being · no caption to the transcript showing when the court convened or adjourned, it therefore does not appear that the statement of facts was filed in term time, for which reason . it is questionable

───────────────────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

whether the point is so presented as to require us to pass thereon.

[1] Waiving this objection, however, we do not think the objection is well taken for several reasons: First, because, while it does appear that said witness had only made two trips over said railway to St. Louis, still he stated as a fact that he knew the ordinary run from Kaufman to St. Louis. Where or how he obtained this knowledge is not set forth, nor was it inquired into; and, so far as the bill shows, he may have obtained said information from some other satisfactory source.

[2] But, if we are not correct as to this, and it was error to so admit it, yet we think it was harmless error for the reason that this witness testified that the ordinary run was between 40 and 45 hours, and it was thereafter shown 'by one of appellant's own witnesses that this run, barring accidents and inevitable delays, could be made in 36 hours, and by another, that the run in question was actually made in 36 hours and 42 minutes, exclusive of the delay at Paris and the stop for watering and feeding the cattle at Springfield, Mo. Therefore the testimony admitted over appellant's objection could not possibly have prejudiced the case, and, if error at all, was harmless.

Appellant requested, and the court refused, a special charge, to the effect, first, that if appellant, after said cattle were delivered to it by its connecting carrier, used reasonable diligence to carry the same within a reasonable time and without unnecessary delay, the jury should find for it on this issue; or, second, if the jury should believe from the evidence that the delay at Paris was caused by a wreck at Grant, Okl., but should further believe that the defendant exercised the care and diligence that a person of ordinary prudence would have exercised under the same or similar circumstances to carry said cattle, and without unnecessary delay, and exercised ordinary care in keeping said cattle during the delay at Paris, then to find for defendants on this issue; or, third, if the jury believed from the evidence that the defendants used proper care in handling the cattle while they were carrying the same over their lines, then they should find for defendants on this issue.

[3] The first feature of the requested charge was incorporated in the court's main charge, for which reason it was unnecessary to repeat it.

[4] As to the second phase of this charge, it was properly refused, because it permitted a finding in favor of appellant if the delay was caused by a 'wreck, without requiring the jury to further believe that appellant was not guilty of negligence on account of said wreck; or, in other words, permitted a finding for it, if it had exercised reasonable diligence and care to transport the cattle after the wreck, notwithstanding said wreck may have been occasioned by its own negligence.

[5] It is true that railway companies are not responsible for delays occasioned by accidents or misfortune, where the same are not attributable to the negligence of the company. See section 1484, 4 Elliott on Railroads, and authorities there cited in support of the text in notes 160 and 161. But the charge in this case, as will be observed, would have absolved the company from liability, merely on account of the wreck, without requiring the jury to find that the wreck was not attributable to its own negligence. The facts, however, showed that this wreck was occasioned by the error of the train dispatcher on appellant's line. This being true, the charge, we think, even if it had been correctly phrased, should not have been given, because, under the circumstances, appellant could not defend against the delay occasioned thereby. The third subdivision of this charge was properly refused, because it was in fact embraced within the main charge of the court.

[6] We decline to consider the third assignment, because it is submitted as a proposition, and involves two separate and distinct propositions of law, and was therefore violative of rule 29 (142 S. W. xii). But, if this objection is overlooked, we are inclined to believe that no error was committed in refusing the charge made the basis of said assignment, for the reason that the points presented by it were sufficiently covered in the main charge.

It is urged by the fourth assignment that the court erred in submitting the measure of damages, not because the charge as given was incorrect, as shown from its proposition, but on the ground that there was no evidence in the record tending to show the difference in the market value of the cattle in the condition in which they actually arrived in East St. Louis, and the condition in which they should have arrived had they been transported with ordinary care and dispatch, and delivered in the usual and customary time. A careful review of the evidence does not, we think, sustain this contention; but demanded, in our judgment, the charge as given, which seems to follow the rule laid down by the authorities on the subject.

Finding no error in the decision of the trial court, its judgment is affirmed.

Affirmed.